**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

SILVESTRE LOPEZ MULGADO,

    Defendant-Appellant.

No. 06-8126
(D.Ct. No. 06-CR-23-D)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **BARRETT** and **BRORBY**, Senior Circuit Judges.

_____

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Appellant Silvestre Lopez Mulgado pled guilty to one count of possession

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

with intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). The district court sentenced Mr. Mulgado to 135 months imprisonment and five years supervised release. Although Mr. Mulgado appeals his conviction and sentence, his attorney has filed an *Anders* brief and motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal. *Id.*

## I. Background

On September 3, 2003, Mr. Mulgado was driving on Interstate 80, east of Cheyenne, Wyoming, when he was pulled over by a state trooper. A consensual encounter occurred which ultimately led to a search of Mr. Mulgado's vehicle after the trooper noticed a number of irregularities causing him to suspect drugs or other contraband were in the fuel tank. As a result of the search, authorities found a significant amount of methamphetamine wrapped in plastic in the fuel tank. During the search Mr. Mulgado fled, and he was not found until over two years later.

Mr. Mulgado pled guilty to a one-count indictment of possession with intent to distribute 500 grams or more of methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). A

transcript of his plea hearing held September 11, 2006, establishes Mr. Mulgado was fully advised of his rights as well as the consequences of changing his plea to guilty, which he indicated he understood and that his plea was entered into knowingly, intelligently, and voluntarily. He also admitted and stipulated to the facts supporting the charge against him, including the amount of drugs seized.

After Mr. Mulgado pled guilty to possession with intent to distribute 500 grams or more of methamphetamine, a probation officer prepared a presentence report calculating his sentence under the applicable United States Sentencing Guidelines ("Guidelines"). Mr. Mulgado did not file any objections to the presentence report. Relying on the presentence report recommendations and the facts stipulated to by Mr. Mulgado, including the total drug amount, the district court set his total offense level at 32 and his criminal history level at II, for a Guidelines sentencing range of 135 to 168 months imprisonment. After considering the factors set forth in 18 U.S.C. § 3553(a), the district court sentenced Mr. Mulgado to the low end of the sentencing range to 135 months imprisonment and five years supervised release. Prior to imposing the sentence, Mr. Mulgado gave a statement indicating his remorse in committing the instant crime and explaining he committed the crime to make money to help his family.

After Mr. Mulgado filed a timely notice of appeal, his appointed counsel

filed an *Anders* appeal brief, explaining counsel had reviewed the record and relevant case law and determined the appeal to be wholly frivolous; he then moved for an order permitting his withdrawal as counsel. *See Anders*, 386 U.S. at 744. In support, Mr. Mulgado's counsel pointed out Mr. Mulgado's guilty plea was knowing, intelligent, and voluntary, and the district court sentenced Mr. Mulgado at the low end of the applicable Guidelines range, making his sentence presumptively reasonable. Pursuant to *Anders,* this court gave Mr. Mulgado an opportunity to respond to his counsel's *Anders* brief. *Id.* Mr. Mulgado filed a response.

In his *pro se* response, Mr. Mulgado raises one issue, claiming his defense counsel was ineffective in failing to file a motion to suppress the evidence obtained from the illegal search and seizure involving his vehicle. In so doing, he recounts his version of the facts involving the search and seizure of the drugs by the state trooper. He suggests that if his defense counsel had moved to suppress the evidence obtained during that search and seizure, the trial court would have excluded the incriminating evidence against him and acquitted him of methamphetamine possession. As a result, he contends his counsel's performance was deficient, prejudicial, and resulted in unsound trial strategy.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See* 386 U.S. at 744. Turning first to Mr. Mulgado's *pro se* assertion his defense counsel was ineffective, we have long held that ineffective assistance of counsel claims should be brought in collateral proceedings, and not on direct appeal. *See United States v. Calderon*, 428 F.3d 928, 931 (10th Cir. 2005). We have further held "'[s]uch claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed.'" *Id.* (quoting *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995)). As a result, we decline to consider Mr. Mulgado's ineffective assistance of counsel claim on direct appeal. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("[I]n most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance.").

Next, with regard to Mr. Mulgado's guilty plea, our independent review of the plea hearing transcript supports beyond any doubt our conclusion that he knowingly, intelligently, and voluntarily entered his plea of guilty. Thus, based on the record before us, we cannot say Mr. Mulgado's guilty plea was involuntary for the purpose of challenging his conviction.

As to his sentence of 135 months imprisonment and five years supervised

release, we review for reasonableness the sentence's length, as guided by the factors in 18 U.S.C. § 3553(a). *See United States v. Kristl*, 437 F.3d 1050, 1053 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. The district court in this case explicitly considered the factors in § 3553(a), and a presumption of reasonableness attaches to a sentence, like here, which is within the correctly-calculated Guidelines range, which Mr. Mulgado has not rebutted. *See id.* at 1053-55. In addition, Mr. Mulgado has not provided any argument challenging his five-year term of supervised release, and our review of the record does not indicate such a term is unreasonable under the circumstances presented.

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we grant counsel's motion to withdraw and **DISMISS** Mr. Mulgado's appeal. We further **DENY** Mr. Mulgado's motion for appointment of counsel on similar grounds.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge